UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CAROLANNE SOTTILE,

    Plaintiff,

    v.

JP MORGAN CHASE BANK N.A., et al.,

    Defendants.

Case No. 13-cv-05909-WHO

**ORDER GRANTING MOTION TO DISMISS**

Re: Dkt. No. 36

## INTRODUCTION

Plaintiff Carolanne Sotille filed this action against defendants JP Morgan Chase Bank, N.A. ("Chase") and the Federal National Mortgage Association ("Fannie Mae"), alleging that because her mortgage loan was securitized, defendants have no interest in the loan and may not foreclose on her property or collect mortgage payments from her. Defendants move to dismiss the complaint for failure to state a claim. Because Sotille's claims are based on the same securitization theories that have been repeatedly rejected by courts in this district, the motion is GRANTED.

## BACKGROUND

**I. FACTUAL BACKGROUND**

On or around March 18, 2003, Sotille and her husband borrowed $299,000 from Washington Mutual Bank, F.A. ("WaMu"). Compl. ¶ 12, Ex. A. The loan is recorded in a promissory note (the "Note") and is secured by a deed of trust (the "DOT") against a property in San Mateo, California (the "Property"). Compl. ¶ 12, Exs. A, B. The DOT identifies WaMu as the lender and California Reconveyance Company as the trustee.[1] Compl. ¶ 12, Ex. B. Sotille's

---

[1] California Reconveyance Company is a subsidiary of Chase. Compl. ¶ 12.

husband is now deceased, and she is the sole owner of the Property.  Compl. ¶ 12.  The complaint does not state whether the Property is Sotille's residence.

Sotille alleges that on or around May 1, 2003, Fannie Mae purchased her loan.  Compl. ¶ 14.  On or around the same date, Fannie Mae contributed the loan to the Guaranteed Pass Through Certificates, Fannie Mae Trust 2003-W8 (the "Trust"), a mortgage-backed securities trust for which Fannie Mae serves as trustee.  Compl. ¶ 2.  The Trust has an "election and continuing qualification" as a real estate mortgage investment conduit (a "REMIC"), which enables the trust to receive favorable tax treatment under the Internal Revenue Code.  Compl. ¶ 16.  For the trust to qualify as a REMIC, all steps in the transfer of mortgage notes must constitute a "true sale" between the transferring parties.  Compl. ¶ 17.  "Each step of the 'true sale' process must be supported by effective delivery and certification of acceptance [by] the receiving party of the endorsed mortgage note and assigned deed of trust, reflecting the complete intervening assignments and transfers of each mortgage loan from each assignor to the last assignee."  Compl. ¶ 17.  The Trust's "governing documents" mandate compliance with this "chain of title protocol."  Compl. ¶ 4.  No recorded assignments of Sotille's DOT or endorsements of her Note have been filed with the San Mateo County Recorder's Office.  Compl. ¶ 21.

Sotille contends that when Chase acquired certain of WaMu's assets in 2008, Chase could not have acquired a beneficial interest in her loan, because the securitization of the loan "extinguished all beneficial interest in [Sotille's] DOT held by [WaMu]."  Compl. ¶ 2.  Sotille emphasizes that "the securitization of her loan, without more, extinguished any interest in her loan held by WaMu."  Compl. ¶ 3.  Sotille also contends the securitization of her loan was improper because it was performed without assignment of the DOT or endorsement of the note, as required by the Trust's governing documents for continuing qualification as a REMIC.  Compl. ¶ 4, 20-21.  Sotille alleges that because her loan was securitized improperly, "the true beneficiary of [the] loan is unknown."  Compl. ¶ 4.

Sotille is current in her mortgage payments and there are no foreclosure proceedings

pending against the Property.  Compl. ¶ 6.[2]

## II. PROCEDURAL BACKGROUND

Sotille filed this action on December 20, 2013. Dkt. No. 1. The complaint seeks declaratory relief under Cal. Code Civ. P. § 1060 on the ground that Chase and Fannie Mae "falsely claim to hold a beneficial interest in plaintiff's loan," and that Chase "continues to claim rights to collect mortgage payments from plaintiff when it has no authority to do so." Compl. ¶ 33. The complaint requests an order declaring that: (i) the legal interest in the DOT and Note were not properly assigned from WaMu to Chase or Fannie Mae; (ii) defendants do not have any legal interest in the DOT or Note; (iii) defendants lack standing to institute foreclosure proceedings against the Property; and (iv) defendants are prohibited from collecting mortgage payments from Sotille. *Id.* In addition to declaratory relief, the complaint alleges causes of action for (i) quiet title; (ii) cancellation of instruments; (iii) violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.*; (iv) unjust enrichment; and (v) accounting. After a series of stipulated delays, defendants filed the instant motion on November 13, 2014. Dkt. No. 36. Pursuant to Civil Local Rule 7-1(b), I found the motion suitable for resolution without oral argument and vacated the hearing set for December 17, 2014.

## LEGAL STANDARD

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block,* 250 F.3d 729, 732 (9th Cir. 2001). A complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In considering whether the complaint is sufficient to state a claim, the court accepts as true all factual allegations contained in the complaint. *Id.* However, the court need not accept as true "allegations that contradict matters

---

[2] In conjunction with the motion to dismiss, defendants submitted a request for judicial notice. Dkt. No. 37. Because the document contained therein is not necessary to resolution of the motion, the request is DENIED AS MOOT.

3

properly subject to judicial notice." *In re Gilead Scis. Sec. Litig.,* 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks omitted). "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Id.* "[I]t is within [the court's] wheelhouse to reject, as implausible, allegations that are too speculative to warrant further factual development." *Dahlia v. Rodriguez,* 735 F.3d 1060, 1076 (9th Cir. 2013).

**DISCUSSION**

**I. PLAINTIFF'S SECURITIZATION THEORIES**

Sotille's claims are all based on the theories that because her loan was securitized, either properly or improperly, defendants may not foreclose on the Property or collect mortgage payments from her. These theories have been repeatedly rejected by courts in this district, and they fail again here.

Sotille first contends that "the securitization of her loan, without more, extinguished any interest in her loan held by WaMu." Compl. ¶ 3. As a result, Sotille asserts, WaMu's predecessor-in-interest, Chase, "has no standing to enforce [Sotille's] mortgage." Compl. ¶ 23.

Sotille is wrong. As numerous courts have recognized, the securitization of a mortgage loan does not undermine a lender's right to foreclose on the mortgaged property. *See, e.g., Robertson v. Citibank, N.A.*, No. 12-cv-02996-JSW, 2013 WL 752491, at *3 (N.D. Cal. Feb. 27, 2013) ("The argument that parties lose their interest in a loan when it is securitized or assigned to a trust pool has been rejected by numerous courts.") (citing cases); *McGough v. Wells Fargo Bank, N.A.*, No. 12-cv-00050-TEH, 2012 WL 2277931, at *4 (N.D. Cal. June 18, 2012) ("[P]roper securitization does not give rise to a cause of action in California."); *Wadhwa v. Aurora Loan Servs., LLC*, No. 11-cv-01784-KJM, 2011 WL 2681483, at *4 (E.D. Cal. July 8, 2011) (rejecting plaintiffs' position that "the assignment of the note to a [REMIC] renders any interest in the property other than plaintiffs' somehow invalid"); *Hafiz v. Greenpoint Mortgage Funding, Inc.*, 652 F. Supp. 2d 1039, 1043 (N.D. Cal. 2009) (rejecting as "both unsupported and incorrect" plaintiff's argument that "defendants lost their power of sale pursuant to the deed of trust when the original promissory note was assigned to a trust pool"). Sotille does not offer any reason for concluding otherwise here. The securitization of Sotille's loan did not deprive either WaMu or

4

1 Chase of standing to enforce the mortgage.

2 Sotille next asserts that she is entitled to relief because her loan was securitized
3 improperly, in that it was assigned without the recording formalities required by the Trust's
4 governing documents for continuing qualification as a REMIC. Compl. ¶ 4, 20-21. Sotille alleges
5 that "the chain of title protocol mandated by the governing trust documents was [not] followed"
6 during the securitization process, and that, "[a]s a consequence, the chain of title of [her] mortgage
7 is irreversibly broken and the true beneficiary of [the] loan is unknown." Compl. ¶ 4.

8 This claim fails because Sotille does not have standing to challenge an alleged deficiency
9 in the assignment of her loan. Court after court has held that a borrower lacks standing to assert
10 noncompliance with a governing trust document – often referred to as a "pooling and service
11 agreement," or "PSA" – because such noncompliance does not cause the borrower injury-in-fact.
12 *See, e.g., Nan Hui Chen v. Deutsche Bank Nat'l Trust Co.*, No. 13-cv-03352-YGR, 2014 WL
13 6668785, at *5 (N.D. Cal. Nov. 24, 2014) ("Third-party borrowers lack standing to assert
14 problems in the assignment of the loan because the borrowers have not suffered an injury-in-
15 fact.") (internal quotation marks omitted); *Dahnken v. Wells Fargo Bank, N.A.*, No. 13-cv-02838-
16 PJH, 2013 WL 5979356, at *2 (N.D. Cal. Nov. 8, 2013) ("[P]laintiffs lack standing to challenge
17 noncompliance with a PSA . . . unless they are parties to the PSA or third party beneficiaries of the
18 PSA."); *Flores v. GMAC Mortgage, LLC*, No. 12-cv-00794-SI, 2013 WL 2049388, at *3 (N.D.
19 Cal. May 14, 2013) (rejecting plaintiffs' argument that "assignments or transfers of the note and
20 deed of trust were invalid" on ground that "plaintiffs are third party borrowers who lack standing
21 to enforce a PSA"); *see also, In re Davies*, 565 F. Appx. 630, 633 (9th Cir. 2014) ("[Plaintiff]
22 cannot challenge violations of the pooling and servicing agreement . . . [T]he weight of authority
23 holds that debtors in [plaintiff's] shoes – who are not parties to the pooling and servicing
24 agreements – cannot challenge them.").[3] The reason for this rule is simple: because an

---

[3] Sotille cites several cases in support of the minority position that, in certain circumstances, a borrower may assert a claim based on the allegedly improper securitization of a mortgage loan. *See, e.g., Naranjo v. SBMC Mortgage*, No. 11-cv-02229, 2012 WL 3030370 (S.D. Cal. July 24, 2012); *Johnson v. HSBC Bank USA, Nat. Ass'n*, No. 11-cv-02091, 2012 WL 928433 (S.D. Cal. Mar. 19, 2012). These cases are unpersuasive because they do not address the key flaw in Sotille's argument – i.e., that she lacks standing to challenge the process by which her loan was

assignment "merely substitute[s] one creditor for another, without changing [the borrower's] obligations under the note, the borrower [is] not harmed" by any defect in the manner of assignment. *Flores*, 2013 WL 2049388, at *3 (internal quotation marks omitted); *see also, Jenkins v. JP Morgan Chase Bank, N.A.*, 216 Cal. App. 4th 497, 515 (2013). Even assuming the assignments of Sotille's loan were invalid under the Trust's governing documents, Sotille "would not be the victim of such invalid transfers because her obligations to make mortgage payments remai[n] unchanged." *Nan Hui Chen*, 2014 WL 6668785, at *5.

Each of Sotille's six causes of action is based on these same faulty arguments. The first paragraph of Sotille's complaint observes that "[t]he thrust of [the] complaint is that none of the . . . defendants has standing to pursue foreclosure activity against her or to collect . . . mortgage payments from her." Compl. ¶ 1. The first cause of action for declaratory relief states that because WaMu's interest in Sotille's loan was "extinguished" when WaMu sold the loan to the Trust, neither defendant can be "a real party in interest entitled to enforce the mortgage." Compl. ¶ 29. The second cause of action for quiet title similarly alleges that "defendants' claims are adverse to plaintiff because neither Chase nor Fannie Mae is a holder of the Note [and] cannot prove any interest in the Note." Compl. ¶ 36. The third cause of action for cancellation of

---

securitized. *See Hosseini v. Wells Fargo Bank, N.A.*, No. 13-cv-02066-DMR, 2013 WL 4279632, at *3 (N.D. Cal. Aug. 9, 2013) (declining to follow *Naranjo* for same reason).

Further, Sotille's reliance on *Subramani v. Wells Fargo Bank N.A.*, No. 13-cv-01605-SC, 2014 WL 309437 (N.D. Cal. Jan. 28, 2014) is misplaced. There, unlike here, the plaintiff alleged that multiple different entities had purported to act as the trustee under the Deed of Trust. Fidelity National Title Insurance Company was the original trustee under the Deed of Trust. Without any intervening substitution, a different entity, First American Loanstar Trustee Services, issued a notice of default. Approximately one month after issuing the notice, First American Loanstar Services substituted itself as trustee. Then, yet another entity, Fidelity National Title Company (which was not the same entity as Fidelity National Title Insurance Company), issued a second notice of default. Fidelity National Title Company was thereafter substituted as trustee. Based on this lack of clarity regarding which entity was the proper trustee at which time, the plaintiff asserted that the defendant, Wells Fargo Bank, N.A., had instructed the wrong party to issue a notice of default. *Id.* at *4. That is not the case here. *See Banares v. Wells Fargo Bank, N.A.*, No. 13-cv-04896-EMC, 2014 WL 985532, at *5 (N.D. Cal. Mar. 7, 2014) (distinguishing *Subramani* on same ground).

instruments describes Chase and Fannie Mae as "invalid beneficiar[ies]" and alleges that because Sotille's "mortgage loan was no longer among [WaMu's] assets when Chase acquired certain assets of the failed bank [in] 2008, . . . Chase did not succeed to any interest in plaintiff's loan." Compl. ¶ 43. The fourth cause of action for violations of the UCL states that Fannie Mae "falsely claims to hold some type of interest in plaintiff's loan . . . when, in fact, [Fannie Mae] never received the assignment of the loan during the securitization process." Compl. ¶ 47. The fifth cause of action for unjust enrichment is based on the claim that "Chase, falsely purporting to be servicer and beneficiary of plaintiff's loan, has collected mortgage payments from plaintiff for the benefit of itself or Fannie Mae, an invalid investor." Compl. ¶ 55. Finally, the sixth cause of action for accounting alleges without further explanation that Chase and Fannie Mae "owe plaintiff money to which they are not entitled and which they obtained from plaintiff under false pretenses." Compl. ¶ 60.

Because each of Sotille's six causes of action is based on the allegedly invalid securitization of her loan and/or the allegedly invalid assignment of her DOT and Note, Sotille's complaint must be dismissed in its entirety. *See Dahnken*, 2013 WL 5979356, at *2 (dismissing plaintiff's entire complaint where "all ten of plaintiff's asserted causes of action are based on the argument that his loan was improperly securitized"); *see also, Flores*, 2013 WL 2049388, at *2. Defendants' motion to dismiss is GRANTED.[4] Sotille will have leave to amend. However,

---

[4] This not the first time plaintiff's counsel has made securitization arguments that were dismissed for the reasons discussed above. In another case recently litigated by plaintiff's counsel, *Banares v. Wells Fargo Bank, N.A.*, No. 13-cv-04896-EMC, 2014 WL 985532 (N.D. Cal. Mar. 7, 2014), Judge Chen considered and rejected a claim nearly identical to Sotille's. There, as here, the plaintiff asserted that the assignments through which her mortgage loan was securitized "were ineffective because the assignments lacked the proper endorsement of the [note] and assignment of the [deed of trust] that were required by the 'binding trust agreements' for the [trust at issue] to continue qualifying as a REMIC." *Id.* at *3. Judge Chen disagreed, holding that the plaintiff lacked standing to challenge the assignments. *Id.* In addition to Judge Chen, at least three other judges in this district have dismissed securitization claims litigated by plaintiff's counsel that were substantially similar to those asserted here. *See Gieseke v. Bank of Am., N.A.*, No. 13-cv-04772-JST, 2014 WL 718463, at *4 (N.D. Cal. Feb. 23, 2014) (dismissing with prejudice plaintiff's claim that "the allegedly deficient securitization process deprived defendants of their interest in the property"); *Dahnken v. Wells Fargo Bank, N.A.*, No. 13-cv-02838-PJH, 2014 WL 523382, at *2 (N.D. Cal. Feb. 6, 2014) (dismissing with prejudice plaintiff's claim that "the securitization of his loan, without more, extinguished any interest in his loan held by defendants"); *Burke Burke v.*

7

1  Sotille is advised that any amended complaint may not reassert claims based on the allegedly
2  ineffective securitization of her loan or any party's purported failure to comply with the terms of
3  the Trust's governing documents.

## II. PLAINTIFF'S REQUEST FOR LEAVE TO AMEND

In her opposition brief, Sotille requests leave to amend her complaint to add four new causes of action. Opp. 2. Sotille alleges that following a recent attempt to negotiate a loan modification with Chase, she discovered that Chase had reported to "the credit bureaus" that she is making only partial payments on her mortgage, when in fact she has made complete payments every month. *Id.* Based on this allegation, Sotille seeks to add causes of action for violation of the Equal Credit Opportunity Act, violation of the Fair Debt Collection Practices Act, fraud, and negligence. *Id.*

Sotille submitted her opposition brief on December 3, 2014, nineteen days after defendants filed their motion to dismiss. *See* Dkt. Nos. 36, 42. Under Federal Rule of Civil Procedure 15(a)(1)(B), Sotille could have amended her complaint as a matter of right on that date. *See* Fed. R. Civ. P. 15(a)(1)(B) ("A party may ament its pleading once as a matter of course within . . . 21 days after service of a motion under Rule 12(b)."). Sotille did not do so. Nevertheless, in light of the timing of Sotille's request, and because I cannot say at this juncture that Sotille's amendments are in bad faith, would cause undue prejudice to defendants, or would be futile, the request is GRANTED. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185-86 (9th Cir. 1987).

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is GRANTED WITH LEAVE TO AMEND, and Sotille's request for leave to amend her complaint is GRANTED. Any amended complaint must be submitted on or before January 5, 2015. As stated above, Sotille may not assert in the amended complaint any claims based on the allegedly ineffective securitization of

---

*JPMorgan Chase Bank, N.A*, No. 13-cv-04249-SC, 2014 WL 129050, at *2-3 (N.D. Cal. Jan. 14, 2014) (rejecting plaintiffs' assertion that the securitization of their loan was ineffective because it "was made without the required intervening assignment of plaintiffs' deed of trust and endorsement of the note").

her loan or any party's purported failure to comply with the terms of the Trust's governing documents.

**IT IS SO ORDERED**.

Dated: December 12, 2014



WILLIAM H. ORRICK
United States District Judge